(128 App. Div. 821.)

HOLLIS v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. November 20, 1908.)

1. STREET RAILROADS (§ 44*)—INJURIES FROM CONSTRUCTION AND MAINTENANCE
—PRESUMPTION.

Under Laws 1890, p. 1108, c. 565, as amended by Laws 1901, p. 1529, c. 638, providing that whenever a railroad shall be in operation for one year, or the motive power thereon has been or shall be changed and put in operation for one year, such fact shall be presumptive evidence that the construction and operation of such railroad, or change of power, has been duly obtained, where it was conceded that defendant had constructed and equipped its road with an overhead trolley system more than one year prior to the accident complained of, and there was no claim that defendant was negligent, it was not liable because of a nuisance in maintaining such system.

[Ed. Note.—For other cases, see Street Railroads, Dec. Dig. § 44.*]

2. CORPORATIONS (§ 514*) — ACTIONS — PLEADING — CORPORATE EXISTENCE — "DULY."

A complaint, alleging that defendant is a domestic corporation "duly" organized and existing, and engaged in operating street railroads, means that defendant has been legally organized and existing for the purpose alleged.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2071–2079; Dec. Dig. § 514.*

For other definitions, see Words and Phrases, vol. 3, pp. 2259, 2260.]

3. CORPORATIONS (§ 514*)—CORPORATE EXISTENCE—ACTIONS—PLEADING—ADMISSION.

In an action against a street railroad for injuries from an alleged nuisance in maintaining an overhead trolley system, an allegation of the complaint that defendant was duly organized and engaged in operating street railroads was not controverted by the further allegation that defendant "knowingly and wrongfully jeopardized the lives," etc., of persons on the

highway, nor by the further allegation that the injury was caused "solely by the wrongful acts of the defendant," so that it stood admitted, by failure of the answer to deny, that defendant was lawfully organized and existing and engaged in operating a street railroad.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2038, 2059; Dec. Dig. § 514.*]

Appeal from Trial Term, Kings County.

Action by Edward J. Hollis against the Brooklyn Heights Railroad Company. From a judgment for plaintiff, and an order denying a motion for a new trial, defendant appeals. Reversed.

See, also, 121 App. Div. 575, 106 N. Y. Supp. 197.

Argued before WOODWARD, JENKS, HOOKER, RICH, and MILLER, JJ.

D. A. Marsh, for appellant.

Robert Stewart, for respondent.

WOODWARD, J.  The plaintiff alleges as his cause of action, on information and belief, that the defendant was and is a domestic corporation "duly organized and existing, and engaged in operating street railroads in the borough of Brooklyn, city of New York, by means of electricity"; that the defendant, "in the operation of its said railroads by said power, uses, and erected and maintained at all the said times, wires strung along through the streets of said borough, in which it so operates its said railroads, including, among others, Flushing avenue, between Classon and Navy streets, which said street is now, and was at all of said times, a public highway"; that "along and through said wire, for the purpose of operating its said railroad, the defendant carried an electric current of heavy voltage and power"; that "by its use of the said electric current, and the maintenance of its said wires for the transmission and use of the said current, the defendant knowingly and .wrongfully jeopardized the lives and limbs and persons of people lawfully upon said highway, whenever the said wires for any cause became unprotected, broken, or torn down, or the said current was allowed to escape therefrom"; that "heretofore, and. on or about the 8th day of February, 1902, while plaintiff was lawfully upon said Flushing avenue, and at or near Clermont avenue, one of the said wires so maintained and used by the defendant in the public street broke, and struck plaintiff on the left side of the head, cutting open his scalp, and caused him to be shocked by said current of electricity passing through and along said wire"; and that, "solely by reason of the wrongful acts of the defendant, plaintiff's head was cut, bruised, and injured, and he was shocked by electricity," etc.  On the trial of the action defendant moved to dismiss the complaint, on the ground that it did not state facts sufficient to constitute a cause of action.  This motion was denied; defendant taking an exception.  The facts were then stipulated, and the defendant moved for the dismissal of the complaint on the ground that the facts proved did not constitute a cause of action.  This motion was denied, and an exception taken.  A motion was then made by defendant for the direction of a verdict on the same ground, and on its denial defendant

took an exception. On motion of plaintiff, a verdict for $750 was directed for the latter.

The learned court appears to have taken the position that it would not determine the question on the sufficiency of the pleadings, but upon the evidence; but the defendant has an exception to the ruling, as well as to the further rulings after the facts were agreed upon. If the attitude of the learned court is right, then, in all actions against street railroads for personal injuries, all that is necessary is to allege that the defendant is occupying the highways with a surface railroad, and, if the defendant does not plead and prove that it is there under lawful authority, the plaintiff is entitled to recover because of the nuisance. In the thousands of cases which have been presented to the courts in this state for personal injuries growing out of the operation of surface railroads in cities, it has never been customary to bring into the controversy the question of the legality of the structure in the streets; for under our Constitution and laws it is hardly possible that a street railroad could be constructed or operated without lawful authority, and the courts might almost take judicial notice of the fact. But this is not necessary. The statute (section 91 of the railroad law [Laws 1890, p. 1108, c. 565]) has provided, ever since the amendment made by chapter 638, p. 1529, of the Laws of 1901, that whenever, "heretofore or hereafter, a railroad has been or shall be constructed and put in operation for one year or the motive power thereon has been or shall be changed and put in operation for a similar length of time, such facts shall be presumptive evidence that the requisite consents of local authorities, property owners and other authority to the construction, maintenance and operation of such railroad or change of motive power have been duly obtained." It is conceded in this case that the defendant had constructed its railroad and equipped it with the overhead trolley system more than one year prior to the accident; and, this fact being conceded, there arose the presumption that the defendant was lawfully in the highway with its equipment for operating its railroad by electricity, and in the absence of negligence the defendant could not be liable. It is admitted by the plaintiff that there was no negligence on the part of the defendant; that the wire causing the injury fell because of a fire, which threw down a building near at hand, tearing down the defendant's superstructure.

This makes it unnecessary to consider the question of pleading, perhaps; but it may not be out of place to call attention to the question a little more fully. The complaint alleges that the defendant is "a domestic corporation duly organized and existing, and engaged in operating street railroads." To be "duly organized and existing, and engaged in operating street railroads," is to be legally organized and existing and engaged in operating street railroads, for " 'duly,' in legal parlance, means according to law. It does not relate to form merely, but includes form and substance both." Brownell v. Town of Greenwich, 114 N. Y. 518, 527, 22 N. E. 24, 26, 4 L. R. A. 685, and authorities there cited. This allegation of the complaint is not denied, and so it stands as established that the defendant was lawfully organized and existing and engaged in the operation of street railroads,

and the allegation that the defendant "knowingly and wrongfully jeopardized the lives," etc., of persons lawfully on the highway, if not a mere conclusion of law made by the pleader, cannot be construed to controvert the allegation of lawfulness in the first paragraph of the complaint, and must be deemed to relate to negligence, rather than to a nuisance. The same is true of the further allegation that "solely by reason of the wrongful acts of the defendant," etc.

We are of the opinion that the complaint does not state facts sufficient to constitute a cause of action, and that the complaint should have been dismissed on this ground.

The judgment and order appealed from should be reversed, with costs. All concur.